Railroad v. Telephone Co.

ILLINOIS CENT. R. CO. V. CENTERVILLE TELEPHONE CO.
SAME V. SITKA TELEPHONE CO.  SAME V. WEST
TELEPHONE CO.*

(*Jackson.*   April Term, 1916.)

1. RAILROADS.  Right of way.   Easement.
Deeds to a railroad right of way construed, and *held* to convey
   only an easement, the fee remaining in the grantor.  (*Post,*
   *p. p.,* 199, 200.)

Cases cited and approved: Railroad v. Aslin, 186 S. W., —; Mc-
Lemore v. Railroad, 111 Tenn., 639.

2. TELEGRAPHS AND TELEPHONES.  Railroad right of way.
Right of telephone lines to cross.
A railroad company, having only an easement in its right of way,
   does not own to the sky, and cannot enjoin the crossing of
   overhead telephone wires so long as they do not impair the
   reasonable and safe use of the easement. (*Post, pp.* 200, 201.)

Cases cited and approved: Flaherty v. Fleming (W. Va.), 3 L. R.
A. (N. S.), 461; Bitello v. Lipson (Conn.), 16 L. R. A. (N. S.),
193.

3. COSTS.  Change in subject-matter pending suit.
During the pendency of an action to enjoin telephone companies
   from constructing lines across a railroad right of way, de-
   fendants erected new poles and strung wires thereon properly,
   the previous construction being defective.  *Held* that costs
   in lower court should be paid by defendants, while costs of ap-
   peal should be paid by appellant railroad company. (*Post, p.*
   201.)

FROM GIBSON

Appeal from the Chancery Court of Gibson County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—
COLIN P. McKINNEY, Chancellor.

*On the right to use railroad right of way for purpose of
telephone as against owner of fee, see note in 36 L. R. A. (N. S.),
519.

J. P. Rhodes, C. N. Burch and H. D. Minor, for complainant.

J. D. Senter and Ed. Smith, for defendants.

Mr. Justice Green delivered the opinion of the Court.

These proceedings were instituted by the Illinois Central Railroad Company to restrain the defendant telephone companies from crossing complainant's right of way with their wires in the manner in which said wires were strung at the time of these suits.

The bills were dismissed by the chancellor, and his decree was affirmed by the court of civil appeals. The railroad company has filed a petition for *certiorari*.

It is insisted upon behalf of the railroad company that it owns the fee in the land covered by the right of way, and that as owner of the fee the railroad company has title to the space above its right of way. We have heretofore had occasion to examine the title of the Illinois Central Railroad Company to its right of way through Gibson county, and we have construed deeds similar to those relied on by the company in these cases. *Railroad* v. *Aslin,* 186 S. W., —, Jackson, 1914. We concluded that the railroad company took only an easement, and did not take the fee in the land covered by its right of way under said deeds. To this conclusion we adhere. *McLemore* v. *Railroad,* 111 Tenn., 639, 69 S. W., 338, settles this question. It was

held in that case that the conveyance of a right of way to the railroad company through the lands of a grantor operated to convey an easement therein only, and the fee remained in the grantor.

Having only an easement, the railroad company is not entitled to have its way kept open to the sky, and the grant to it is not interfered with by constructing overhead telephone wires so long as the reasonable and safe use of the eastment is not impaired. 9 R. C. L., p. 799. In notes under *Flaherty* v. *Fleming* (W. Va.), 3 L. R. A. (N. S.), 461, and *Bitello* v. *Lipson* (Conn.), 16 L. R. A. (N. S.), 193, numerous cases sustaining the foregoing statement are collected. In these cases it is shown that the owner of the fee may build a bridge for his convenience over the easement or passageway, and the owner of the easement has no ground of complaint, provided the use of his easement is not seriously obstructed.

There is no question of light and air in this case. Neither is it alleged that the wires of defendant telephone companies interfere with telegraph or telephone lines of the railroad company maintained along the right of way. The only interference with the railroad company's use of its easement suggested is the possibility that wires crossing the track may fall and injure a passenger or employee on a train beneath.

Under the proof in this case such a possibility is remote. After this suit was instituted the defendant telephone companies erected new poles of suitable character, and they strung their wires from pole to

pole across the track in an approved manner. The construction adopted by the telephone companies was such as the witnesses for the railroad company said was a safe method of construction. It is also shown that the telephone companies employ watchmen to look after their lines constantly. We are of opinion, therefore, that the apprehension of danger from these wires by the railroad company is fanciful under the facts of this case, considering the manner in which the wires of defendant telephone companies are strung and maintained. The possibility of the railroad company suffering any injury from these wires is too slight to justify the court in ordering a removal thereof.

It is probably true that when these bills were filed these wires were not strung in a proper manner. The new poles were erected and the wires securely attached to these poles after the suits below were filed. Prior to these suits the wires were rather insecurely attached to limbs of trees on either side of the track, and there was a reasonable ground of apprehension on the part of the railroad company.

Such being the facts, we think that the defendant telephone companies should be taxed with the costs below. The costs incident to appeal, however, and the costs of this court will be paid by the railroad company.

The writ of *certiorari* is accordingly granted, but the decree of the court of civil appeals is affirmed, with the modification as to costs indicated.